Case 5:22-cv-00085   Document 3   Filed on 06/23/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| FRANKLIN SHANE SIMMS,   §<br>       Petitioner,   §<br>   §<br>VS.   §<br>   §<br>   §   5:22-CV-00085<br>   §<br>US CUSTOMS & BORDER   §<br>PROTECTION   §<br>and   §<br>CIA,   §<br>       Defendants.   § | |

## AMENDED REPORT & RECOMMENDATION

Pending before the Court is Plaintiff Franklin Shane Simms's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Dkt. No. 1.)  No response was directed, and none is necessary.

The Court construes this petition as a civil rights complaint and recommends that the Court dismiss it as frivolous and malicious.

**I.     Background**

Since 2013, Plaintiff has initiated at least five actions based on fanciful allegations that he is the victim of a government conspiracy to subject him to sexual abuse.[1]  *See, e.g.*, *Simms v. U.S.*

---

[1]     National PACER (Public Access to Court Electronic Records) shows that Plaintiff has a history of filing frivolous actions similar to this one.  For example, within a span of less than two months, in June and July 2022, Plaintiff unsuccessfully filed for relief in the Western District of Texas, El Paso Division, the Western District of Arkansas, Fort Smith Division, and the Northern District of Oklahoma.  *See* Dkts. 3:22-cv-00199-DB; 2:22-cv-02117-PKH; 4:22-cv-00318-CVE-CDL; 2:22-cv-01536-GMS--ESW.
        There, Plaintiff alleges the same events and substantially similar facts that Plaintiff alleges in the present case.  *See* Dkts. 3:22-cv-00199-DB (Dkt. No. 2); 2:22-cv-02117-PKH (Dkt. No. 3); 4:22-cv-00318-CVE-CDL (Dkt. No. 3).  For example, Plaintiff alleges that the CIA has used or will use a "computer string machine" against him in

1

*Customs & Border Prot.*, No. 7:22-CV-0316, 2022 WL 19567959, at *1 (S.D. Tex. Dec. 14, 2022), *report and recommendation adopted,* No. 7:22-CV-0316, 2023 WL 3025081 (S.D. Tex. Apr. 20, 2023). Not only are the alleged acts similar from case to case, but the named defendants are often the same as well. *See id.* In fact, Plaintiff's present petition is identical to the one he filed in the McAllen Division of this district the very same day. (*See* Dkt. No. 1 in Case No. 7:22-cv-00316.)

A. Current Petition

In Plaintiff's present petition, Plaintiff alleges that the "CIA and [U.S. Customs and Border Protection (CBP)] secretly decided to illegally detain me to obtain [n]ude pornography of me at the Texas [M]exico border [] [t]he same way the [B]rownsville Texas Jail did in 2012 or early 2013 [] [f]or the [CIA]." (Dkt. No. 1 para. 6.) He allegedly saw such "[n]ude pictures [and] video of me shown to me in very many states by females [] [i]n bars" and "other places" such as on the "big screen of the Kansas Colosseum." (*Id.* para. 13.) He also alleges that a "female judge in Arizona . . . ask[ed] me to [j]ack-off for her." (*Id.*)

Plaintiff requests prospective, injunctive relief—to prevent unlawful detention by CBP "not to detain me to unlawfully strip search me to help the CIA get [n]ude photos [and] video of

---

the "near future" to "have [him] falsely imprisoned . . . to tear off [his] clothes to take pictures and video of [him] nude." (*See* Dkt. Nos. 2 at 2 in 3:22-cv-00199-DB; 3 at 1–2, 4 in 2:22-cv-02117-PKH; 3 at 1 in 4:22-cv-00318-CVE-CDL.)
   In these prior cases, other federal courts dismissed all of Plaintiff's claims in full. *See* Dkts. 3:22-cv-00199-DB (Dkt. No. 2) (dismissing the suit after finding that Plaintiff's Complaint is "frivolous"); 2:22-cv-02117-PKH (Dkt. Nos. 3 (Magistrate Judge's Report and Recommendation), 4 (District Judge Order Accepting the Report and Recommendation in its entirety); 4:22-cv-00318-CVE-CDL (Dkt. No. 3) (dismissing Plaintiff's claims without prejudice and denying a Certificate of Appealability because, "given the nature of the allegations in the petition, the Court finds it would be futile to grant [Plaintiff] leave to amend his petition to cure any pleading deficiencies").

me" and to provide "safe passage thru [sic] Mexican-Texas border." (*Id.* para. 15.) He alleges that the "Central [I]ntelligence Agency will have U[.]S[.] Customs [and] border [P]rotection unlawfully tear my clothes off assisted by the CIA [c]omputer string machine to unlawfully obtain [n]ude pictures [and] video of me" and that "in the future [the] CIA will unlawfully have me falsely imprisoned by law enforcement." (*Id.* at 2–4.) As grounds for his claim he states, "[n]ot to be subject to cruel [and] unusual treatment." (*Id.* at 13.)

Though Plaintiff has styled his petition as a habeas petition and paid the $5.00 filing fee (Dkt. Nos. 1, 2), Plaintiff fails to meet the "in custody" requirement of the habeas corpus statute, 28 U.S.C. § 2241(c). Plaintiff stated in his petition that he is "not incarcerated currently." (Dkt. No. 1 at 8.) Far from any Texas detention facility, Plaintiff instead lives in Fort Bend, Arkansas. (Dkt. No. 1-1.) Consequently, the Court is without jurisdiction to grant habeas relief.

Instead, because Plaintiff is not challenging a conviction or sentence and seeks to enjoin further violations of his constitutional rights, this Court liberally construes the pleadings as a civil rights action. *See Simms*, 2022 WL 19567959. Plaintiff has not paid the filing fee required for such claims and even if in forma pauperis (IFP) status were granted, Plaintiff's petition and claims would not survive screening under 28 U.S.C. § 1915(e)(2)(B).

B. <u>Serial Filings</u>

Plaintiff is a serial, malicious filer.[2] This Court adopts the characterization of Plaintiff's frenetic filing history by its sister division, McAllen, with few changes. *See Simms*, 2022 WL 19567959, at *1. The outlandish allegations in this case are effectively the same as those in the

---

[2] *See supra* note 1.

2013 McAllen case and 2022 Western District of Arkansas case and identical to those in the 2022 McAllen case. In each petition, Plaintiff claims that there is a government conspiracy to sexually abuse him.

Plaintiff filed suit in the Brownsville Division in March 2013. (*Simms v. Wal-Mart, et al.*, No. 7:13-CV-0111). Plaintiff described the notion of a "wide-ranging cabal of government agencies and private entities that is out to victimize Plaintiff by taking his nude images and exhibiting them at public venues." *Simms*, 2022 WL 19567959, at *3. Plaintiff's suit was transferred to the McAllen Division. Because Plaintiff applied for IFP status, the Court screened the petition pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court summarily dismissed Plaintiff's claims as frivolous, describing them as "inarguable legal conclusion[s]" based on "fanciful factual allegations."

Plaintiff filed a second suit in the Brownsville Division in November 2013. (*Simms v. Customs and Border Protection Employees 2012 and 2013, et al.*, No. 1:13-CV-0230). The magistrate judge stated the complaint included facially "fantastical" allegations, including that the government had obtained billions of dollars' worth of pornographic images of him and that the U.S. government and President attempted to murder Plaintiff. The Court dismissed the case under Federal Rule of Civil Procedure 41(b) for the failure to prosecute upon a report and recommendation by the magistrate judge.

In July 2022, Plaintiff filed what he labeled a petition for writ of habeas corpus under 28 U.S.C. § 2241 before the Western District of Arkansas. *Simms v. Maricopa Cty. Jail*, 2022 WL 3643529, at *1 (W.D. Ark. Aug. 3, 2022). In seeking habeas relief, Plaintiff alleged in part that he was being "falsely imprisoned" at his home by the CIA "to use [a] computer string machine to tear off [his] clothes to take pictures and video of [him] nude." Plaintiff asked that law enforcement

4

be ordered "to not strip search [him] because it will be to obtain extremely desired and valuable nude pictures and video . . . with the computer string machine" and "not to force [him] to shower nude [so he] can wear underwear."  A magistrate judge issued a report and recommendation, later adopted by a district judge on August 23, 2022, that the petition be dismissed for lack of jurisdiction as Plaintiff was not "in custody" on a conviction, pretrial detention, or immigration charges.

A mere week later, on August 31, 2022,[3] Plaintiff completed another habeas corpus application, duplicated it, and filed the duplicates with the McAllen Division and this Court. There, as here, Plaintiff alleged that CBP and the CIA "unlawfully [tore] [his] clothes off[,] assisted by [a] computer string machine[,] to unlawfully obtain nude pictures [and] video" and requested "that the federal agencies be enjoined from further detaining and strip-searching him."  *Simms*, 2022 WL 19567959, at *1.  Plaintiff also applied for IFP status.

A magistrate judge simultaneously granted Plaintiff's IFP application and screened the case pursuant to § 1915(e)(2)(B).  The Court recommended dismissal of Plaintiff's petition under § 1915(e)(2)(B) as frivolous and malicious.  The district judge agreed to dismiss the petition, adopting the magistrate judge's report and recommendation in its entirety.  (Order Adopting Report and Recommendation, No. 7:22-cv-0316.)  Because of Plaintiff's history of repetitive and meritless filings, the Court further investigated Plaintiff and ultimately enjoined him "from filling any complaint, petition, pleading, motion, request, application, grievance or in any manner

---

[3] Plaintiff's duplicate petitions are dated August 31, 2022. It is possible they were completed on a different date.

instituting any action with any federal court within the Southern District of Texas, whether in the McAllen Division or otherwise."[4]  (Permanent Injunction, No. 7:22-cv-0316.)

The petition that this Court addresses below is the copy of Plaintiff's application that he sent to this division.

## II.     Legal Standard

Section 1915(e)(2)(B) requires the district court to screen petitions by plaintiffs who are granted IFP status.  *Womack v. Teleplan*, 2003 WL 21289652, at *1 (N. D. Tex. May 29, 2003) (citing 28 U.S. § 1915(e)(2)(B)).  A claim is subject to dismissal if it either (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, (iii) or seeks monetary relief against a defendant who is immune from such relief.  § 1915(e)(2)(B).

A "frivolous" claim lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, such as if it alleges the violation of a legal interest that clearly does not exist.  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (quotations omitted).  A claim is factually frivolous if the facts alleged are clearly baseless, which encompasses allegations that are fanciful, fantastic, and delusional.  *Denton*, 504 U.S. at 32-33 (cleaned up).

---

[4]  The Court considers Plaintiff's petition on its own and does not dismiss it pursuant to the McAllen Division's permanent injunction against him, because Plaintiff's petition was dated August 31, 2022, and filed with the Court on September 9, 2022, prior to the entry of the permanent injunction on April 20, 2023.  (*See* Permanent Injunction, No. 7:22-cv-0316.)

A claim may be deemed "malicious" where it duplicates the plaintiff's allegations in another pending federal lawsuit or a prior litigation. *Ellis v. United States*, 2021 WL 260428, at *3 (N.D. Tex. Jan. 26, 2021) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993)).

### III.   Discussion

The latest in a series of meritless petitions, this petition should too be dismissed as frivolous and malicious. Even if IFP status were granted, Plaintiff's claims would not survive screening under § 1915(e)(2)(B). Plaintiff's claims are frivolous because they have no arguable basis in fact. Plaintiff's claims are malicious to the extent they are merely duplicative of those in the prior cases discussed, especially the 2013 and 2022 McAllen cases.

> Already deemed "fanciful" by [the District Judge in the 2013 McAllen case] is the notion of a wide-ranging cabal of government agencies and private entities that is out to victimize Plaintiff by taking his nude images and exhibiting them at public venues. *See Cooper v. Belcher*, 2010 WL 3359709, at *1, 8 (D. Colo. Aug. 25, 2010) (recognizing that, although separate actions of sexual assault by government officials are not necessarily frivolous, "a different picture emerges when [multiple] actions [against many persons in various locations] are viewed together"). Adding a further fantastical or delusional element are the allegations of the defendants' use of technology like a "computer string machine." *See Simms v. Central Intelligence Agency, et al.*, 3:22-CV-0199-DB (W.D. Tex. Aug. 12, 2022) (dismissing civil rights action for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B) based on "fantastic or delusional" allegations "that the CIA has used a 'computer string machine'—a device Mr. Simms seems to believe can cause internal organs to fail—against himself, his brother, and his father").

*Simms*, 2022 WL 19567959, at *3.

### IV.   Conclusion and Recommendation

This Court follows the McAllen Division in recommending dismissal. Just like Plaintiff's identical prior petition in McAllen, the Court construes Plaintiff's petition (Dkt. No. 1) as a civil rights complaint and recommends its dismissal as frivolous and malicious. Given Plaintiff's serial

filings,[5] the Court finds it would be futile to grant Plaintiff leave to amend his petition to cure any pleading deficiencies or to move to proceed IFP. And whether the Court construes Plaintiff's form as a habeas petition or a civil rights complaint, the result is the same: dismissal.

It is, therefore, **RECOMMENDED** that Plaintiff's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1) be **DISMISSED with PREJUDICE**.

Plaintiff also is **ORDERED** not to submit any future filings to the Southern District of Texas, per the permanent injunction already entered after Plaintiff filed his present petition, preventing him "from filling any complaint, petition, pleading, motion, request, application, grievance or in any manner instituting any action with any federal court within the Southern District of Texas, whether in the McAllen Division or otherwise." (Permanent Injunction, No. 7:22-cv-0316).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this June 23, 2023.

Diana Song Quiroga
United States Magistrate Judge

---

[5] *See supra* note 1.

## **<u>Warnings</u>**

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).